IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE JAMES JOHNSON,

    Plaintiff,                    No. CIV-S-09-3283 KJM P

    vs.

CSP SACRAMENTO,

    Defendant.               ORDER

_____/

        Plaintiff is a Sacramento County Jail prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court

/////

1

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

/////

1 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v.
2 Rhodes</u>, 416 U.S. 232, 236 (1974).

3       The court finds the allegations in plaintiff's complaint fail to state a claim upon
4 which relief can be granted mostly because plaintiff fails to identify any appropriate defendants.
5 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
6 connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423
7 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588
8 F.2d 740, 743 (9th Cir. 1978). Plaintiff will be granted leave to file an amended complaint to
9 cure this deficiency. Plaintiff is informed that "CSP Sacramento" cannot be a defendant in this
10 action because state agencies are entitled to immunity from suit under the Eleventh Amendment.
11 See <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).

12       Plaintiff is also informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading. This is because, as a
15 general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
16 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
17 longer serves any function in the case. Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19       In accordance with the above, IT IS HEREBY ORDERED that:
20       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
21       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 The fee shall be collected and paid in accordance with this court's order to Sacramento County
23 Sheriff filed concurrently herewith.
24       3. Plaintiff's complaint is dismissed.
25       4. Plaintiff is granted thirty days from the date of service of this order to file an
26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
3  an original and two copies of the amended complaint; failure to file an amended complaint in
4  accordance with this order will result in a recommendation that this action be dismissed.
5  DATED: May 7, 2010.

_____
U.S. MAGISTRATE JUDGE

1
john3283.14(3.15.10)

4